IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JOHN BARRETT, #27578**                                                                                  **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO.  2:06-cv-271-KS-MTP**

**MDOC, et al.**                                                                                            **DEFENDANTS**

**ORDER**

  BEFORE the Court are the Plaintiff's Motions for a Preliminary Injunction [10, 17]. As discussed below, the Court has considered the Plaintiff's motions, as well as the applicable law, and finds that the Plaintiff's requests for a preliminary injunction should be denied.

  In order to receive a preliminary injunction, the Plaintiff must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat that failure to grant the order will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause defendants; and (4) the injunction will not have an adverse affect on the public interest.  *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-420 (5th Cir. 2001); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).   Each of the requirements must be satisfied because if any one of them is not, then it will result in the denial of the request for a preliminary injunction.  *Enterprise Intern.,Inc. v. Corporation Estatal Petrolear Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

  "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black Fire Fighters Ass'n v. City of Dallas, Texas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting

*Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).  The granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court.  *Lakedreams v. Taylor*, 932 F.2d 1103 (5th Cir. 1991) (citing *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984)).  The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits.  *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

The Plaintiff's first motion for a preliminary injunction [10] filed January 19, 2007, concerns receiving medical treatment for his injured leg.  The Plaintiff states in subsequent filings that he received knee surgery on February 13, 2007.  The Plaintiff's second motion for a preliminary injunction [17] filed March 12, 2007, request the Court to order the prison officials to "expedite" his request for "lay-in" food tray status.[1]  In the Plaintiff's motion to amend [19] filed March 26, 2007, the Plaintiff states that he is receiving a "lay-in" food tray three times a day.  Hence, the Plaintiff's requests for a preliminary injunction are essentially moot.

However, in order to provide the Plaintiff, a *pro se* prisoner litigant, with the benefit of liberal pleading, the Court has evaluated his requests in accordance with the above stated case law.  The Court finds that the Plaintiff has failed to carry his burden of persuasion as to the required factors for a preliminary injunction.  Therefore, these motions will be denied without a hearing.

IT IS HEREBY ORDERED that Plaintiff's Motion for a Preliminary Injunction [10]

---

[1] A "lay-in" food tray allows a prisoner to be served his meals at his current housing location as opposed to requiring the prisoner to go to the dining hall for meals.

is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Motion [to expedite] for a Preliminary Injunction [17] is **denied**.

SO ORDERED, this the 17th day of April, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE