IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHN BARRETT                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 2:06cv271-KS-MTP

CHRISTOPHER B. EPPS, et al.                                                              DEFENDANTS

**ORDER**

THIS MATTER is before the court on the plaintiff's Motion to Reconsider [73]. The court, having considered the motion and the applicable law, finds that the Motion [73] should be DENIED.

Plaintiff filed his "Rule 60 Motion" [73] on or about January 4, 2008, asking the court to reconsider its Order [68] granting in part and denying in part plaintiff's motion to amend [51]. In his motion, plaintiff claims that he has been denied access to his legal files since his transfer to South Mississippi Correctional Institution ("SMCI"), which prevented him from responding to the court's Order [68].

Plaintiff disagrees with this court's denial of his request to add the on-site medical director at SMCI, claiming that he/she is responsible for the inmates' prompt medical care pursuant to MDOC policy, and additionally argues that he should be able to add the Chief Medical Director, Dr. Liddell Kintrell, as a defendant. Plaintiff claims that he did not have this information until he received a copy of the MDOC policy from another inmate after his transfer. He claims that the reason he is just now getting this information is due to the defendants' unjustified actions.

Federal Rule of Civil Procedure 60 provides in part as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) only applies to "final" orders or judgments by its express language. *Fowler v. First Chem. Corp.*, No. 2:05cv16-KS-MTP, 2006 WL 2423043, at *2 (S.D. Miss. Aug. 21, 2006) (holding that plaintiff could not move for relief under Rule 60(b) because the order denying plaintiff's motion to remand was not a "final" order). "A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Fowler*, 2006 WL 2423043, at *2 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

This court's Order [68] granting in part and denying in part plaintiff's motion to amend [51] was not a "final order," since it did not dispose of this action on its merits. To the contrary, plaintiff has several claims and parties remaining in this action. Indeed, the court recently issued process for three new defendants. *See* Order [84]. Accordingly, plaintiff is not entitled to relief from the court's Order [68] under Rule 60(b). *See Amos v. Virginia Employment Comm'n*, No.

4:05cv5, 2005 WL 2010156, at *1 (W.D. Va. Aug. 19, 2005) (denying plaintiff's Rule 60 motion, holding that the order denying plaintiff's motion for leave to amend was interlocutory in nature, and therefore, reconsideration of the order under Rule 60 was inappropriate); *Cordillo v. Sos*, No. 90 Civ. 9 (WCC), 1992 WL 36136, at *1 (S.D. N.Y. Feb. 18, 1992) (holding that defendants' Rule 60 motion was not an appropriate basis for relief since the court's order permitting plaintiff to amend her complaint was an interlocutory order).

Regardless of the style of plaintiff's motion, the court finds that plaintiff is not entitled to relief. Plaintiff seeks to add the on-site medical director at SMCI and the Chief Medical Director, Dr. Liddell Kintrell, as defendants in this action, claiming that they are responsible for the inmates' prompt medical care pursuant to MDOC policy. The court denied plaintiff's request to add the on-site medical director at SMCI. *See* Order [69]. Plaintiff's request to add the Chief Medical Director, Dr. Liddell Kintrell, as a defendant in this action should be denied for the same reason. Plaintiff's request to add these defendants is based strictly on their supervisory positions, which does not render them liable under 42 U.S.C. § 1983. *See Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002) (stating that it is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability"); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted).

Plaintiff also asks the court to order the MDOC to replace his legal files and to order them not to destroy any more legal files and not to interfere with his litigation. The plaintiff seeks similar relief in his pending Motion for Preliminary Injunction [78] and Motion for Temporary Restraining Order [79]; accordingly, the court will address this relief when it rules on

these motions.

Finally, the plaintiff asks the court to order the defendants to produce the names and discovery requested in his motion to compel [75]. This issue is now moot; the court entered an Order [81] addressing this issue on March 6, 2008.

IT IS, THEREFORE, ORDERED that plaintiff's Motion to Reconsider [73] is DENIED.

SO ORDERED this the 11th day of March, 2008.

s/ Michael T. Parker
United States Magistrate Judge
