IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHN BARRETT                                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 2:06cv271-KS-MTP

CHRISTOPHER B. EPPS, et al.                                     DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the court on the Motion for Preliminary Injunction [78],

Motion for Temporary Restraining Order [79], and "Omnibus Motion" [96],  filed by Plaintiff.

Having considered the submissions of the parties and the applicable law, the undersigned

recommends that the Motions [78] [79] [96] should be DENIED.

FACTUAL BACKGROUND

On February 29, 2008, Plaintiff filed a Motion for Preliminary Injunction [78] and a

Motion for Temporary Restraining Order [79].  On March 3, 2008, Plaintiff filed a letter [80]

advising the court of his fears for his safety.  On March 11, 2008, the court entered an Order [91]

directing the Defendants to respond to Plaintiff's Motions [78] [79].

On March 11, 2008, Defendants Wexford Health Sources, Inc. and Dr. Rochel Thorton

Walker filed their Response [92] to the motions.   They indicated that the Plaintiff's Motions did

not request any relief from them, but were directed against the MDOC Defendants.  However,

they indicated that they had requested Plaintiff's medical records from February 25, 2008 -

February 29, 2008, and would produce same upon receipt.  On March 21, 2008, Defendants

Ronald King and Christopher Epps filed their Response [97] to Plaintiff's motions.

In his Motions [78][79], Plaintiff complains that he is in danger because of the presence

of gangs and other dangerous inmates and certain prison guards.  He also claims that Captain

Roberts and L.T. Dixon are taking his prescribed medication from him and/or ordering him to trash his medication, and that they will continue to do so unless the court orders them to stop. *See* Motion [78] at 5.  He further claims that his coat and clothes were taken from him, that he has not been issues any new clothes, and that he is constantly threatened and harassed by the prison staff.

Plaintiff also complains that his legal files were mixed up after he was transferred to South Mississippi Correctional Institution, and that he does not have access to his legal materials. Therefore, he claims he is being denied access to the courts.

Finally, he claims that he should not have been transferred, and that he belongs in a medical unit.  Plaintiff claims that the above actions were taken in retaliation against him for filing this lawsuit.

Plaintiff seeks the following injunctive relief: for officers Roberts, Dixon, Pruit, Ross, Hillman, and Jonhston to be placed on leave until this matter is settled, or for Plaintiff to be moved to unit E-1, transferred to CMCF-720, or Unit 32, Parchman; for the officers to be directed not to harass or retaliate against Plaintiff; for SMCI to implement a policy to allow a prisoner that is preparing for a trial to have all of his legal materials, regardless of whether the materials are over six inches thick; for Ronald King to enforce the policies for a red tag and the request for PC; for the officers to be directed to stop scattering and destroying legal materials; for the Defendants to provide a safe environment for Plaintiff and to stop subjecting him to serious risk of bodily harm by the guards and inmates.  *See* Motion for Preliminary Injunction [78] at 10-11; Motion for Temporary Restraining Order [79] at 17-18.

On March 19, 2008, Plaintiff filed an "Omnibus Motion" [96], and asked the Clerk to

2

place it with the TRO he filed.  In his Motion [96], Plaintiff states that since he filed his Motion for Temporary Restraining Order [79], Ron King had his custody dropped to C and moved him to a single cell in the hole with no sheets, even though he had broken no rules.  He claims that he was not allowed to mail any legal documents to the court as of March 18, 2008.  He claims that there is no way he can "meaningfully prosecute" his case unless he is transferred from SMCI and reassigned to B custody.  Plaintiff attaches an Administrative Remedy Grievance as an exhibit to his motion, which contains more allegations of retaliatory actions.  Plaintiff asks the court to transfer him back to E1.

On April 3, 2008, Plaintiff filed a Rebuttal [100] in support of his Motion for a Preliminary Injunction [78] and Motion for a Temporary Restraining Order [79].  In his thirty-page rebuttal, Plaintiff rehashes the arguments contained in his Motions, disputes the statements made in Defendants' Response [97], and alleges further retaliatory conduct by Defendants and others.

ANALYSIS

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001).  "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

3

The Plaintiff has failed to demonstrate a substantial likelihood of success on the merits.  It is not likely that Plaintiff will succeed in his claim that he is in danger because of gangs and certain prison guards.  As stated in the Defendants' Response [97] and the statement of Ron King attached as Exhibit A thereto, Plaintiff is housed in a single cell with limited contact with other inmates, and there is no indication that he is in danger.  Further, it appears from Plaintiff's recent filings that he has been moved to a unit which is satisfactory to him.  In his cover letter to the Clerk for filing his Omnibus Motion, Plaintiff states, "man, I don't know if you, or the court, called and had me moved, but I can not even began (sic) to thank you enough."  *See* Omnibus Motion [96].[1]

Further, Plaintiff presents nothing to support his claim that certain officers are discarding his prescribed medications.  In their statements attached to the Response [97], officers John Roberts and Kenneth Dixon deny that they have confiscated or trashed Plaintiff's properly prescribed medications.  However, the officers state that when an inmate's medication does not have their name on the prescription label, it is returned to the pharmacy to prevent drug abuse.  Officer Dixon further states that if an inmate does not have a needed medication, the staff will contact medical to provide the inmate with their needed medication.  *See* Exs. B and C to Response [97].

Plaintiff has also failed to show that he is likely to succeed on his claim that Defendants are depriving him of clothing.  In their Response [97], Defendants deny that they have taken Plaintiff's clothes from him, and state that he is issued clothing in the same manner as other

---

[1]On or about March 19, 2008, Plaintiff was moved from SMCI Area II, to SMCI Area I, Unit 7-3-11.  *See* Change of Address [93].

4

inmates.   Defendants attach as Exhibit D to their Response [97] an order showing that clothing was issued to Plaintiff on November 14, 2007.

Plaintiff has failed to support his allegation that he is being denied access to courts. Defendants deny that they have denied Plaintiff access to his legal files.  Further, based on the voluminous pleadings filed by the Plaintiff in this matter, it appears that he has ample access to his legal files, legal authorities, and to the courts.  For example, on March 19, 2008, Plaintiff filed a sixteen-page Motion for Summary Judgment [95], wherein he cited to case law, and attached seventy-eight (78) pages of exhibits, and on April 3, 2008, Plaintiff filed a thirty-page Rebuttal [100] to Defendants' Response [97] and a six-page Motion to Clarify [101].

Plaintiff has also failed to establish that he will succeed on his claim that he should be transferred to a medical unit.  In Dr. Woodall's affidavit attached as Exhibit G to Defendants' Response [97], he states that Plaintiff has no special housing requirements, and that he is receiving appropriate medical treatment and is housed appropriately.

Finally, Plaintiff's claim that the actions alleged in his motions were in retaliation for filing this lawsuit is conclusory at best.

 Additionally, Plaintiff fails to make a clear showing of irreparable harm.  Plaintiff alleges that if the court fails to grant him injunctive relief, the prison officials will continue to harass and threaten him, will continue to take his medication and clothing, and will continue to deprive him of his legal materials, and that he will be in risk of serious bodily harm by prison guards and other inmates.  Such general allegations fall woefully short of the clear showing of irreparable harm that is required before a court may award extraordinary injunctive relief.  As previously noted, the statement of Ron King attached to Defendants' Response [97] states that Plaintiff is

housed in a single cell with limited contact with other inmates, and there is no indication that he is in danger.

Regarding the relief requested in his Omnibus Motion [96], to be transferred to Unit E1, the Plaintiff has no constitutional right to be incarcerated in a certain facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Steward v. Kelly*,  No. 06CV1-P-B, 2006 WL 3825236, at *4 (N.D. Miss. Dec. 27, 2006); *Ready v. Fleming*, No. CIV. A. 4:02-CV-056-Y, 2002 WL 1610584, at *3 (N.D. Tex. July 19, 2002).  Further, it is well-settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct.  *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (5th Cir. 1979).

## RECOMMENDATION

As the plaintiff has failed to demonstrate the elements necessary to receive the requested injunctive relief, it is the recommendation of the undersigned that Plaintiff's Motion for Preliminary Injunction [78],  Motion for Temporary Restraining Order [79], and Omnibus Motion [96] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 4th day of April, 2008.

s/ Michael T. Parker
United States Magistrate Judge