IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHN BARRETT

VS.                                                    CIVIL ACTION NO. 2:06cv271-KS-MTP

CHRISTOPHER P. EPPS, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DENYING MOTIONS 78, 79 AND 96

This cause is before the Court on Motion for Preliminary Injunction [78], Motion for Temporary Restraining Order [79], and "Omnibus Motion" [96], and Objections to Report and Recommendations [111] filed by John Barrett, and the Court considering same finds that the Report and Recommendation filed April 4, 2008 [102] should be accepted by the Court for the hereinafter stated reasons.

FACTUAL BACKGROUND

On February 29, 2008, Plaintiff filed a Motion for Preliminary Injunction [78] and a Motion for Temporary Restraining Order [79]. On March 3, 2008, Plaintiff filed a letter [80] advising the court of his fears for his safety. On March 11, 2008, the court entered an Order [91] directing the Defendants to respond to Plaintiff's Motions [78] [79].

On March 11, 2008, Defendants Wexford Health Sources, Inc. and Dr. Rochel Thorton Walker filed their Response [92] to the motions. They indicated that the Plaintiff's Motions did not request any relief from them, but were directed against the MDOC Defendants. However, they indicated that they had requested Plaintiff's medical records from February 25, 2008 -

1

February 29, 2008, and would produce same upon receipt. On March 21, 2008, Defendants Ronald King and Christopher Epps filed their Response [97] to Plaintiff's motions.

In his Motions [78][79], Plaintiff complains that he is in danger because of the presence of gangs and other dangerous inmates and certain prison guards. He also claims that Captain Roberts and L.T. Dixon are taking his prescribed medication from him and/or ordering him to trash his medication, and that they will continue to do so unless the court orders them to stop. *See* Motion [78] at 5. He further claims that his coat and clothes were taken from him, that he has not been issues any new clothes, and that he is constantly threatened and harassed by the prison staff.

Plaintiff also complains that his legal files were mixed up after he was transferred to South Mississippi Correctional Institution, and that he does not have access to his legal materials. Therefore, he claims he is being denied access to the courts.

Finally, he claims that he should not have been transferred, and that he belongs in a medical unit. Plaintiff claims that the above actions were taken in retaliation against him for filing this lawsuit.

Plaintiff seeks the following injunctive relief: for officers Roberts, Dixon, Pruit, Ross, Hillman, and Jonhston to be placed on leave until this matter is settled, or for Plaintiff to be moved to unit E-1, transferred to CMCF-720, or Unit 32, Parchman; for the officers to be directed not to harass or retaliate against Plaintiff; for SMCI to implement a policy to allow a prisoner that is preparing for a trial to have all of his legal materials, regardless of whether the materials are over six inches thick; for Ronald King to enforce the policies for a red tag and the request for PC; for the officers to be directed to stop scattering and destroying legal materials; for

2

the Defendants to provide a safe environment for Plaintiff and to stop subjecting him to serious risk of bodily harm by the guards and inmates. *See* Motion for Preliminary Injunction [78] at 10-11; Motion for Temporary Restraining Order [79] at 17-18.

On March 19, 2008, Plaintiff filed an "Omnibus Motion" [96], and asked the Clerk to place it with the TRO he filed. In his Motion [96], Plaintiff states that since he filed his Motion for Temporary Restraining Order [79], Ron King had his custody dropped to C and moved him to a single cell in the hole with no sheets, even though he had broken no rules. He claims that he was not allowed to mail any legal documents to the court as of March 18, 2008. He claims that there is no way he can "meaningfully prosecute" his case unless he is transferred from SMCI and reassigned to B custody. Plaintiff attaches an Administrative Remedy Grievance as an exhibit to his motion, which contains more allegations of retaliatory actions. Plaintiff asks the court to transfer him back to E1.

On April 3, 2008, Plaintiff filed a Rebuttal [100] in support of his Motion for a Preliminary Injunction [78] and Motion for a Temporary Restraining Order [79]. In his thirty-page rebuttal, Plaintiff rehashes the arguments contained in his Motions, disputes the statements made in Defendants' Response [97], and alleges further retaliatory conduct by Defendants and others.

## ANALYSIS

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following:

(1)  A substantial likelihood of success on the merits;

(2)  A substantial threat that failure to grant the injunction would result in irreparable

    injury;

(3)  The threatened injury must outweigh any damage that the injunction will cause to the adverse party; and

(4)  The injunction must not have an adverse affect on the public interest.

*Women's Medical Center of Northwest Houston v. Bell*, 248. F. 3d 411, 419 N. 15 (5th Cir. 2001).

  In his rambling objection the petitioner talks about his losing some clothes in the laundry and, as a result, being transferred to a single cell. His objection is basically a rehash of his motion and states the need for his protective custody, etc.

  As found by the Magistrate Judge, the petitioner has failed to make a clear showing of any irreparable harm and, in fact, he has apparently been moved from the facility that he was complaining about. Additionally, there is no indication that the petitioner is in imminent danger and the Court finds that the Report and Recommendation recommending that the motions be overruled, should be accepted.

## CONCLUSION

  As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the motion and the matters raised by the objection. For the reasons set forth above, this Court concludes that Barrett's objections lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards, therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

  Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's

Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that the Motion for Preliminary Injunction [78], Motion for Temporary Restraining Order [79] and Omnibus Motion [96] be and the same are hereby **overruled.**

**SO ORDERED this, the 22nd day of April, 2008.**

*s/Keith Starrett*
**UNITED STATES DISTRICT JUDGE**