IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHN BARRETT                                                                                          PLAINTIFF

V.                                                                      CIVIL ACTION NO. 2:06cv271-KS-MTP

CHRISTOPHER B. EPPS, et al.                                                                    DEFENDANTS

### ORDER

THIS MATTER is before the court on the Plaintiff's Motion to Amend [120] and Special Motion [125] seeking miscellaneous relief. The court having considered the Motions finds that they should be DENIED.

Plaintiff filed this civil rights complaint pursuant to 42 U.S.C. § 1983 almost two years ago. Since then, Plaintiff has amended his complaint at least seven times,[1] and has clarified and amended his pleadings through his sworn testimony during his *Spears*[2] hearing. Most recently, Plaintiff was granted leave to add Dr. Mark Sateriale, Officer Mario Martin, and Officer LaDarrell Perry as Defendants. *See* Orders [68] [84]. However, after urging the court to grant him leave to add Dr. Sateriale as a Defendant, Plaintiff has now determined that Dr. Sateriale is not liable, and was only added as a result of "Plaintiff's ignorance of how to read a medical record," and has asked him to be dismissed from this action.[3] *See* Motion [121] at 1.

Plaintiff now seeks to add two more physicians, Dr. Woodall and Dr. McCleave, who he claims are liable for denying him adequate medical treatment. Defendants produced Plaintiff's medical records to him on June 29, 2007. Both Dr. Woodall's and Dr. McCleave's names clearly

---

[1]*See* pleadings: [8] [14] [16] [18] [19] [25] [51].

[2]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3]The court granted Plaintiff's Motion to Dismiss by Order [124] dated May 12, 2008.

appear on the medical records as "referring physicians."[4]  Plaintiff should not be able to claim "ignorance of how to read a medical record" for waiting almost a year after the records were produced to seek leave to add these physicians.[5]  Accordingly, Plaintiff's motion to amend these physicians to this lawsuit almost a year later is untimely and should be denied.

Moreover, the court recently advised Plaintiff that "no further amendments--including additional parties, will be allowed in this case to ensure the orderly disposition of the claims before the court." *See* Order [110] at ¶ 4.  This case has been pending for almost two (2) years and cannot proceed to disposition if Plaintiff continues to amend his allegations every few months.  Further, the court desiring to resolve the matters against the numerous Defendants already before it and Plaintiff having been allowed to amend his complaint *ad nauseum,* no further amendments will be permitted.  *See Singletary v. St. Tammany Parish Sheriff*, No. Civ. A. 05-299, 2005 WL 3543826, at *1 (E.D. La. Nov. 17, 2005) (denying plaintiff's motion to amend, reasoning that "[j]ustice does not require that he be allowed to continually amend his complaint to add new claims as they occur . . . . At some point, continual revisions to the complaint to add new claims thwart the ends of justice, in that they delay resolution of the pending claims").

In his Special Motion [125], Plaintiff asks the court to assist him in obtaining the necessary supplies he needs to "meaningfully prosecute this case," namely ink pens and at least 75 pages of typing paper per week.  Plaintiff's claim that he does not have adequate ink pens and paper is belied by the voluminous pleadings recently filed by Plaintiff.  *See e.g.*, pleadings: [125]

---

[4]*See, e.g.*, Medical Records Bates stamped Barrett 177-78 [120-2] at 3-4.

[5]The court in no way suggests that Plaintiff's allegations against Dr. McCleave or Dr. Woodall have merit, or that they are liable to Plaintiff as his treating physicians.

2

[123] [122] [121] [119] [118] [115] [114] [111].  Accordingly, this motion should be denied.

Moreover, Plaintiff should be aware that his constant motions requesting various relief have reached the point of being dilatory and causing undue delay.  Plaintiff is advised to file only <u>necessary</u> motions, so that the court may timely reach the merits of his case.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Amend [120] and Special Motion [125] for pens and paper are DENIED.

SO ORDERED this the 15th day of May, 2008.

        s/ Michael T. Parker
        United States Magistrate Judge