IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JOHN BARRETT**                                                                                **PLAINTIFF**

**VERSUS.**                                                **CIVIL ACTION NO. 2:06cv271KS-MTP**

**CHRISTOPHER B. EPPS, et al.**                                            **DEFENDANTS**

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CERTAIN DEFENDANTS WITH PREJUDICE

This cause is before the court on the Complaint filed by the plaintiff, John Barrett, pursuant to 42 U.S.C. § 1983 **[#1]**, Motion for Summary Judgment **[#66]** filed on behalf of defendants Wexford Health Services and Dr. Rochel Thornton Walker, and *sua sponte* for evaluation of the plaintiff's claims against Nurse Yvonne Barton pursuant to 28 U.S.C. § 1915(e)(2), a Report and Recommendation filed by Magistrate Judge Michael T. Parker **[#130]**, Objection thereto filed by John Barrett **[#137]** and the court does hereby find as follows:

### I. PROCEDURAL HISTORY

The plaintiff, John Barrett, is currently incarcerated in South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, serving a life sentence for homicide. The plaintiff filed his Complaint on December 19, 2006, pursuant to 42 U.S.C. § 1983. Since then, he has amended his complaint at least seven times, and has clarified and amended his pleadings through his sworn testimony during his Spears

hearing on June 27, 2007.  In his voluminous pleadings, the plaintiff alleges claims for the denial and/or delay of adequate medical treatment, retaliation, and the denial of an adequate diet against the following Defendants: the Mississippi Department of Corrections ("MDOC"), SMCI, Christopher Epps, Ronald King, Medical Providers, Wexford Health Sources, Inc. ("Wexford"), Nurse Yvonne Barton, Unknown Walker, Margaret Bingham, Dr. Mark Saterials, Mario Martin, and LaDarrell Perry.

The plaintiff alleges that he was attacked by some "gangsters" on or about September 19, 2006, and injured his leg. (Tr. 9.)  The plaintiff claims "they x-rayed it a few days later and said there was no damage to it." (Tr. 10.)  Although his leg was injured on September 19, 2006, the plaintiff states that it "waited until December 6[, 2006,] to finally break," when he bent down to get something out of his locker. (Tr. 9.)  Between September 19, 2006 and December 6, 2006, the plaintiff claims he saw a doctor or healthcare provider three or four times for his leg. (Tr. 10.)

The plaintiff claims that after he broke his leg on December 6, he was carried to the clinic, his leg was x-rayed, and the doctor told him his patella was broken. (Tr. 11.)  He was provided a wheelchair and his medical class was dropped to five, and he was told that he would be sent for an outside referral in a few days. (Tr. 12.)  He claims that he did not see an outside doctor within a few days.  Id.  The plaintiff alleges that he kept going to the clinic for his leg, and they gave him ibuprofen and pain shots, but that his leg would not heal.  Id.

On January 24, 2007, the plaintiff was transferred from SMCI to Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi.  See Change of Address [11].  The plaintiff claims that he was only transferred to CMCF to receive medical

treatment for his leg because of the Motion for Preliminary Injunction [10] he filed a few days earlier. (Tr. 12.)  Dr. Steven Weisfeld of the Central Mississippi Orthopedics Clinic examined the plaintiff on January 25, 2007, and recommended that surgery be performed on his right knee within two to three weeks.  The plaintiff claims he further injured his right leg on January 29, 2007, when he slipped in the shower. (Tr. 15.)  Dr. Weisfeld performed surgery on the plaintiff's right knee on February 13, 2007.

The plaintiff was seen by Dr. Weisfeld on March 28, 2007, for a six-week post-op appointment.  Dr. Weisfeld noted that the plaintiff had no complaints except that his cast was rubbing on his staples.  Dr. Weisfeld further noted that the wound had healed, the cast cylinder was in good shape, that there was no evidence of infection and that he would remove the staples and the cast in six weeks.

Subsequently, the plaintiff claims that he got scabies (itch mites) on his leg because his cast got wet. (Tr. 13.)  He alleges that the medical staff at CMCF would not treat him for scabies, would not take his cast off, and that Dr. Walker would "just look at it and say it was okay."  *Id*.  The plaintiff claims that the itching got so bad, he cut his own cast off on or about April 19, 2007.  *Id.*

The record reflects that the plaintiff submitted a sick call request regarding the scabies on May 2, 2007.  The plaintiff was seen by S. James, RN, and his chart was referred to a provider.  On May 4, 2007, the plaintiff saw Dr. Webb, who prescribed one bottle of Permethrin, and ordered that the plaintiff be given a change of clothes and bed linens after treatment.

On May 14, 2007, the plaintiff refused further treatment for his scabies, stating that "there is no infection now - at all."  On May 10, 2007, the plaintiff saw Dr. Weisfeld

for his six-week follow-up appointment. The plaintiff told Dr. Weisfeld that he was "getting around good," and Dr. Weisfeld noted that the plaintiff's wound had healed, was "non-tender," and that his knee was "doing well." The plaintiff was transferred back to SMCI on or about November 30, 2007.

As set forth in his pleadings, and as amended by the sworn testimony given during his Spears hearing, the plaintiff's allegations against the moving defendants, Dr. Walker and Wexford, are that these defendants were deliberately indifferent to his serious medical needs, and denied him an adequate diet. Specifically, the plaintiff claims that Dr. Walker, Medical Director at CMCF, ignored him at the clinic, denied his request for a lay-in food tray, and denied his request for crutches or a wheel-chair, despite the fact that his hernias were evident. (Tr. 20.)

The plaintiff alleges that although Dr. Walker did order him a lay-in food tray for one week on February 28, 2007, she would not continue the lay-in tray order after that. He claims he went without food for about four days because he could not walk the 120 yards to the dining hall due to his leg injury and hernias. He claims that all he ate during those four days was noodles provided by other inmates. He states that he lost weight due to the denial of the lay-in food tray. (Tr. 15-16.) According to the plaintiff, Sergeant Hollins subsequently reinstated hislay-in food tray. (Tr. 16.)

The plaintiff also claims that Dr. Walker would not give him any pain medication when he "re-injured" his leg on or about January 29, 2007, and that Dr. Walker "controls the whole thing." (Tr. 19-20.) The plaintiff alleges that Wexford is responsible for the actions of Dr. Walker and Yvonne Barton, since "they employ these people." (Tr. 21-22.) The plaintiff claims that Yvonne Barton, a nurse at CMCF, failed to make his

-4-

appointment for a follow-up visit with the doctor for his right knee in February 2007. (Tr. 21.)  On November 15, 2007, the defendants Dr. Walker and Wexford filed their Motion for Summary Judgment.  The magistrate judge entered the present R&R recommending that the summary judgment be granted on June 5, 2008.  The plaintiff filed his objection to the R&R on June 20, 2008.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.")  Such review means that this court will examine the entire record and will make an independent assessment of the law.  The court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge.  *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  ANALYSIS AND CONCLUSION

The plaintiff's objections merely repeat the same arguments presented to the

magistrate judge in his response to the summary judgment motion.  They are merely conclusive and present nothing new that was not considered by the magistrate judge. As required by 28 U.S.C. § 636(b)(1) this court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this court concludes that Barrett's objections lack merit and should be overruled.

The court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the court accepts, approves and adopts the magistrate judges's factual findings and legal conclusions contained in the Report and Recommendation.  Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation **[#130]** is accepted pursuant to 28 U.S.C. § 636(b)(1) and that John Barrett's claims as to Wexford Health Services, Dr. Rochel Thornton Walker, and Nurse Yvonne Barton are **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this the 22nd day of August, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE